ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| WILFREDO CUEVAS GONZÁLEZ  **RECURRENTE**  v.  DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN  **RECURRIDA** | KLRA202300474 | Revisión administrativa procedente del Departamento de Corrección y Rehabilitación  Caso Núm. 316-23-098  Sobre: Código 203 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 28 de septiembre de 2023.

El recurrente, Wilfredo Cuevas González, comparece ante nosotros mediante recurso de revisión administrativa. Cuevas González es miembro de la población penal bajo la autoridad del Departamento de Corrección y Rehabilitación (DCR o Departamento). Por las razones que exponemos a continuación desestimamos el recurso ante nuestra consideración.

### I

Cuevas González fue encontrado incurso en violación al Código 203 luego de una vista disciplinaria. Esto por enfrascarse en una pelea con otro confinado. El Departamento de Corrección dictó la resolución recurrida el 3 de agosto de 2023. El recurrente presentó oportunamente una moción de reconsideración cuatro días más tarde. La agencia acogió la moción de reconsideración el 10 de agosto de 2023, dentro del término de quince (15) días de su presentación. El Departamento de Corrección notificó al recurrente que recibió la solicitud de reconsideración el 10 de agosto de 2023 y que la atendería dentro de los noventa (90) días siguientes a su

Número Identificador

SEN2023_____

presentación. El recurrente presentó el recurso de revisión el 22 de agosto de 2023.

**II**

La jurisdicción es el poder o autoridad que ostentan los tribunales para resolver los casos y controversias ante su consideración. *Cobra Acquisitions v. Municipio de Yabucoa, Autoridad de Energía Eléctrica Estado Libre Asociado de Puerto Rico,* 210 DPR 384, 394 (2022).

Al tratarse de un asunto que incide sobre el poder del tribunal para adjudicar una controversia, la falta de jurisdicción se puede levantar motu proprio, pues un tribunal no tiene discreción para asumir jurisdicción donde no la hay. *Souffront v. AAA*, 164 DPR 663, 674 (2005). Si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Cobra Acquisitions v. Municipio de Yabucoa, Autoridad de Energía Eléctrica Estado Libre Asociado de Puerto Rico,* supra, pág. 395; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Un recurso que se desestima por presentarse pasado el término provisto para recurrir, se conoce como un recurso tardío. Por su parte, un recurso que se ha presentado con relación a una determinación que está pendiente ante la consideración del tribunal apelado, o sea, que aún no ha sido finalmente resuelta, se conoce como un recurso prematuro. Sencillamente, el recurso se presentó en la secretaría antes de tiempo. Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Yumac Home Furniture v. Caguas Lumber Yard*, 194 DPR 96, 107 (2015). Esto porque que su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en

el tiempo aún no ha nacido autoridad judicial o administrativa alguna para acogerlo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

La Sección 3.15 de la Ley Núm. 30-2017, 3 LPRA sec. 9655, permite que la parte adversamente afectada por una resolución u orden administrativa pueda presentar una moción de reconsideración dentro de los veinte (20) días desde el archivo en autos de la notificación de la decisión. Una moción de reconsideración presentada oportunamente interrumpe el término jurisdiccional de treinta (30) días establecido en la Sección 4.2, 3 LPRA sec. 9672, para solicitar revisión judicial.

La Sección 3.15, *supra, e*stablece las pautas siguientes sobre la moción de reconsideración:

(1) La agencia deberá considerar la moción de reconsideración dentro de los 15 días de presentada.

(2) Si la agencia rechaza de plano la moción de reconsideración dentro de esos 15 días, el término para solicitar revisión comenzará a contarse nuevamente desde que se notifique dicha denegatoria.

(3) Si la agencia no actúa dentro de esos quince días se entiende que rechazó de plano la moción de reconsideración y el término para solicitar revisión comenzará a correr nuevamente desde que expiró ese plazo.

(4) Si la agencia toma alguna determinación sobre la reconsideración, el término para solicitar revisión empezará a contarse desde la fecha del archivo en autos de una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. La agencia tiene 90 días para resolver y archivar la decisión, contados a partir de la moción de reconsideración.

(5) La agencia pierde jurisdicción si acoge la moción de reconsideración, pero no toma acción al respecto dentro de los 90 días. No obstante, los 90 días podrán prorrogarse, si existe justa causa y la agencia emitió la prórroga dentro de dicho término.

(6) La prórroga concedida no puede exceder de 30 días.

Por otro lado, la Regla 83(C) del Reglamento de Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción.

**III**

El recurso ante nuestra consideración es prematuro. El recurrente presentó oportunamente una moción de reconsideración el 7 de agosto de 2023. El Departamento de Corrección acogió la reconsideración dentro de los quince (15) días de presentada. El 11 de agosto de 2023, el Departamento de Corrección notificó al recurrente que recibió su solicitud de reconsideración el 10 de agosto de 2023 y que la atendería dentro de los 90 días siguientes a su presentación.

La decisión del Departamento de Corrección de acoger la moción de reconsideración paralizó el término para solicitar revisión. El Departamento de Corrección tiene noventa (90) días para emitir su resolución en torno a la moción de reconsideración y archivar la decisión. El término jurisdiccional de treinta (30) días para solicitar revisión judicial comenzará a partir de la notificación del Departamento de Corrección de la resolución en la que finalmente resuelva la moción de reconsideración o luego de transcurridos los 90 días a cumplirse el 6 de noviembre del año en curso; lo que ocurra primero.

El recurrente presentó el recurso 22 de agosto de 2023. El recurso es prematuro porque se presentó antes de que venciera el plazo de 90 días en que el Departamento de Corrección retiene la jurisdicción para resolver la moción de reconsideración. La presentación prematura del recurso nos priva de jurisdicción para intervenir en el mismo. Por esa razón, solo podemos desestimar el mismo.

## IV

Por los fundamentos antes expuestos, se desestima el recurso por falta de jurisdicción.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones