VÍCTOR SOUFFRONT CORDERO ET AL., recurridos, *v.* AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS ET AL., demandados, y ACE INSURANCE COMPANY, peticionaria.

*Número:* CC-2004-563          *Resuelto:* 21 de abril de 2005

*Roberto Abesada-Agüet*, abogado de la parte peticionaria; *Segismundo López Montalvo*, abogado de la parte recurrida.

PER CURIAM: En este caso, el peticionario nos solicita que revoquemos la determinación del Tribunal de Apelaciones, ya que el recurso de apelación interpuesto por los recurridos se presentó fuera del término que proveen las reglas de Procedimiento Civil, lo que privó de jurisdicción al foro apelativo. Aduce el peticionario que el Lcdo. Segismundo López Montalvo, abogado de la parte aquí recurrida —apelantes ante el Tribunal de Apelaciones— utilizó un sobre equivocado e incorrecto para acreditar la jurisdicción ante el Tribunal de Apelaciones. La seriedad de este planteamiento amerita nuestra intervención.

## I

El 28 de octubre de 2001, alrededor de las 7:30 de la noche, el Sr. Víctor M. Souffront Cordero caminaba por la calle Pablo Casals del municipio de Mayagüez, cuando sufrió una caída al poner un pie sobre un contador de agua, cuya tapa cedió al pisarla. A raíz de esa caída, el señor Souffront sufrió traumas y contusiones en la parte baja de la espalda y en otras partes de su cuerpo.[1] El 26 de octubre de 2002, el señor Souffront, su esposa Maritza López Montalvo, la sociedad de gananciales y sus hijos menores de edad, presentaron una demanda por daños y perjuicios contra el Estado Libre Asociado de Puerto Rico, la Autoridad de Acueductos y Alcantarillados (AAA), su compañía aseguradora American International Insurance Company (AIICo), el municipio de Mayagüez y su aseguradora Ace Insurance Co. (Ace), así como contra otros demandados de nombres desconocidos.

La AAA y AIICo contestaron la demanda enmendada el 30 de mayo de 2002; Ace hizo lo propio el 14 de junio de 2002. Todas negaron las alegaciones sobre negligencia y daños. El 3 de octubre de 2002, el Tribunal de Primera

---

[1] Apéndice del recurso de *certiorari*, págs. 23–24.

Instancia dictó una sentencia sumaria, desestimando la demanda contra el Estado Libre Asociado, al concluir que el Departamento de Transportación y Obras Públicas no tenía jurisdicción sobre las aceras o calles de Mayagüez.[2] El 26 de febrero de 2003, el tribunal de instancia dictó una sentencia parcial, desestimando la demanda contra el municipio de Mayagüez por no habérsele emplazado dentro del término de seis meses dispuesto en la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III.[3]

Posteriormente, los demandantes desistieron, con perjuicio de sus reclamaciones, contra la AAA y AIICo al llegar a un acuerdo transaccional con éstos para finiquitar el pleito por la suma de $15,000.[4] Una vez concluido el descubrimiento de prueba, Ace presentó una moción de sentencia sumaria por insuficiencia de prueba.[5] Alegó que los demandantes no presentaron prueba sobre el elemento de previsibilidad para establecer la negligencia en el caso. Los demandantes se opusieron oportunamente.[6] El tribunal de instancia declaró "con lugar" la moción de sentencia sumaria presentada por Ace y desestimó el pleito.

La sentencia dictada fue archivada en autos y notificada a las partes el *8 de diciembre de 2003*.[7] El 8 de enero de 2004, *treinta y un días después de haber sido archivada en autos y notificada la sentencia*, los demandantes presentaron ante el Tribunal de Apelaciones un recurso de apelación. Indicaron en su escrito, sin embargo, que la sentencia apelada se les había notificado el 9 de diciembre y no en la fecha del archivo en autos. Para acreditar la jurisdicción del foro apelativo, se incluyó en el apéndice del recurso la copia de un sobre —con matasellos de 9 de diciem-

---

[2] Apéndice del recurso de *certiorari*, págs. 160–161.

[3] Íd., págs. 163–164.

[4] Íd., pág. 121.

[5] Íd., págs. 37–45.

[6] Íd., págs. 46–50.

[7] Íd., pág. 116.

bre de 2003 y un sello de $0.49 para el franqueo— que se adujo fue el que se utilizó para notificar la sentencia.[8]

Así las cosas, el 25 de febrero de 2004 Ace presentó una moción de desestimación por falta de jurisdicción ante el foro apelativo. En síntesis, argumentó que el sobre con matasellos de 9 de diciembre de 2003 no correspondía al sobre en que se debió haber enviado la sentencia apelada. Ace presentó una copia del sobre que se recibió en su oficina con la sentencia apelada, así como una copia del sobre en que la AAA y su compañía de seguros AIICo recibieron la sentencia.[9] Ambos sobres reflejaban que la fecha de envío por correos era el 8 de diciembre de 2003. Además, ambos tenían dos sellos para costear el franqueo que totalizaban $1.06; un sello de $0.49 y otro de $0.57. Llaman, además, la atención al hecho de que existía secuencia numérica en los sellos adheridos a los sobres recibidos por los abogados de los codemandados, indicativo, argumentan, de que se habían enviado simultáneamente.

El peticionario señaló que el sobre que anejó el licenciado López Montalvo al recurso de apelación para acreditar la jurisdicción apelativa solamente tenía adherido un sello de $0.49, cantidad que entiende insuficiente para costear el franqueo de un documento de catorce páginas, como la sentencia apelada. Más importante aún, Ace señaló en su escrito que hizo una búsqueda en "teletribunales" (*www.tribunalespr.com*) que reflejó que la sentencia apelada fue notificada el 8 de diciembre; se incluyó una copia de la página de "teletribunales" que así lo reflejaba.[10] Los apelantes no replicaron a dicha moción.

Mediante Sentencia de 25 de marzo de 2004, el foro apelativo revocó la sentencia de instancia. El tribunal, sin embargo, guardó silencio sobre el planteamiento de la falta de

---

[8] Íd., pág. 117.

[9] Íd., págs. 157–158.

[10] Íd., pág. 165. Al día siguiente, Ace Insurance Co. (Ace) presentó su alegato en oposición al recurso de apelación.

jurisdicción. A su vez, Ace solicitó la reconsideración de la sentencia, bajo el fundamento de falta de jurisdicción del foro apelativo. El tribunal acogió la moción de reconsideración presentada y le concedió diez días a los recurridos para expresarse. Los recurridos eventualmente comparecieron y arguyeron que ellos fueron notificados con la sentencia el 9 de diciembre, y no el 8 de diciembre como las otras partes en el pleito. Indicaron, además, que los recurridos "pretenden [que] los apelantes ... asumamos la responsabilidad de responder sobre una situación sobre la cual no tenemos control y expliquemos lo desconocido e inexplicable".[11] Concluyeron que les correspondía a éstos presentar como evidencia una certificación de la Secretaría del tribunal de origen, que acreditara la fecha de archivo en autos y el envío por correo, según lo estableció el caso *Martínez, Inc. v. Abijoe Realty Corp.*, 151 D.P.R. 1 (2000), lo que no había ocurrido, de manera que no procedía el planteamiento. Por su parte, Ace replicó e indicó que, en efecto, había acudido a la Secretaría del tribunal de Mayagüez, pero se le indicó que allí no expedían certificaciones sobre las notificaciones.

Así las cosas, el Tribunal de Apelaciones dictó una resolución, rechazando los planteamientos de Ace e indicando que éstos eran meras "conclusiones, sospechas o conjeturas" insuficientes para que el tribunal se declarara sin jurisdicción. Inconforme, Ace acudió ante nosotros el 23 de junio de 2004. En su escrito señaló los errores siguientes:

1. El Tribunal de Apelaciones incidió al no desestimar el recurso de apelación presentado por los Souffront por falta de jurisdicción.
2. El Tribunal de Apelaciones incidió al revocar la sentencia sumaria emitida por el Tribunal de Primera Instancia y determinar que existían controversias de hechos sobre la posición de la tapa del contador de agua que alegadamente le ocasionó la caída a Víctor Souffront Cordero. Petición de *certiorari*, pág. 8.

---

[11] Apéndice del recurso de *certiorari*, pág. 240.

El peticionario incluyó, en el apéndice a su petición de *certiorari*, una certificación oficial de la Secretaria Regional del Tribunal de Primera Instancia, Sala Superior de Mayagüez, en la cual, en efecto, se certifica que la sentencia dictada en instancia fue "notificada y depositada en el correo el 8 de diciembre de 2003", y que un cotejo del registro de " 'Notificación de Sentencias y Resoluciones Enviadas al Correo Fuera de Fecha' no refleja anotación alguna que indique notificación fuera de la fecha de archivo en autos". Petición de *certiorari*, pág. 6.

Evaluado el recurso, el 20 de septiembre de 2004 emitimos una resolución dirigida a la parte recurrida para que mostrara causa por la cual no debíamos expedir el auto solicitado y revocar la determinación del Tribunal de Apelaciones por falta de jurisdicción. Luego de solicitar una prórroga para comparecer, la parte recurrida finalmente presentó su escrito ante este Tribunal el 25 de enero de 2005. En su escrito señaló que este Tribunal no debía considerar la certificación emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, por cuanto ese documento no fue presentado ante el Tribunal de Apelaciones, por lo que no formó parte del expediente del caso. Indicó que, en vista de ello, no podíamos considerarlo.

Nos indicó, además, que la "alegada certificación ... no establece la inexistencia de error humano alguno, no exime de responsabilidad en el manejo a la Secretaría ... [y] se limita a establecer que no aparece el correspondiente registro". Nos solicitó, además, que tomemos conocimiento judicial "de las correspondencias mal manejadas, colocadas en lugares equivocados y extraviadas que ocurren diariamente en el correo postal".

Contando con la comparecencia de las partes, resolvemos conforme intimamos.

## II

■ A. La Regla 53.1(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone el término jurisdiccional de treinta días para presentar un recurso de apelación ante el Tribunal de Apelaciones, "contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado". Asimismo, la Regla 13(A) del Reglamento Transitorio del Tribunal de Apelaciones, vigente al momento de la notificación del recurso del caso ante nosotros, disponía también que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del *término jurisdiccional de treinta (30) días* contados desde el archivo en autos de una copia de la notificación de la sentencia.[12] (Énfasis suplido.)

■ Este término comienza a transcurrir con la notificación correspondiente del archivo en autos de copia de la sentencia a todas las partes en el pleito. De existir una discrepancia entre la fecha de archivo en autos y la fecha del depósito en el correo de la notificación, esta última será el punto de partida para calcular cuándo comienza a transcurrir el término correspondiente para acudir en alzada, conforme claramente dispone la Regla 46 de Procedimiento Civil, 32 L.P.R.A. Ap. III, según enmendada por la Ley Núm. 40 de 10 de enero de 1999 para esos propósitos. Esta regla dispone lo siguiente:

> Será deber del secretario notificar a la brevedad posible dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de

---

[12] El 20 de junio de 2004 se aprobó el Reglamento del Tribunal de Apelaciones mediante la Resolución Núm. ER-2004-10. La Regla 13(A) permaneció inalterada. Véase 4 L.P.R.A. Ap. XXII–B.

Pleitos y Procedimientos constituye el registro de la sentencia. *La sentencia no surtirá efecto hasta archivarse en autos copia de la notificación y el término para apelar empezará a correr a partir de la fecha de dicho archivo. Si la fecha de archivo en autos de copia de la notificación de la sentencia, resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.* (Énfasis suplido.)

■ En *Martínez, Inc. v. Abijoe Realty Corp.*, ante, indicamos que cuando la notificación postal no coincidiera con la fecha del archivo en autos del dictamen judicial, la mejor práctica que debe seguir un apelante o peticionario para acreditar la jurisdicción del foro apelativo es incluir en el apéndice al recurso, no sólo la copia del volante del archivo en autos de la notificación de la sentencia, sino también la copia del sobre recibido del tribunal, cuyo matasellos de correo refleje claramente la discrepancia entre las fechas. De esa forma, el tribunal y las partes podrían constatar si el recurso de apelación se presentó dentro del tiempo que proveen las Reglas de Procedimiento Civil.

■ Reconocimos en *Martínez, Inc. v. Abijoe Realty Corp.*, ante, que podrían surgir ocasiones en que la parte opositora a aquella que reclama la puesta en el correo como punto de partida para acudir en alzada, no estuviera de acuerdo con lo alegado. Cuando ello ocurra, indicamos que "la parte opositora podrá en *forma fehaciente traerlo a la consideración del tribunal y a luz de la totalidad de las circunstancias, incluida una certificación de la secretaría del tribunal de origen, en cuanto al trámite específico de la correspondencia y notificación del día particular*". (Énfasis suplido.) Íd., pág. 13.

En *Martínez, Inc. v. Abijoe Realty Corp.*, ante, pág. 11, además, expresamos nuestra preocupación sobre

... el peligro potencial que podría representar la mala utilización de otro sobre originado en el mismo tribunal, en un caso distinto, con fecha propicia para manipular, por vía de la

fecha del franqueo, la notificación real del archivo en autos y su depósito en el correo.

Como medida cautelar ante posibles actuaciones fraudulentas, ordenamos a las secretarías de los diversos centros judiciales a que crearan un registro, o un acta, que permitiera dejar constancia de las ocasiones en que una sentencia, resolución u orden se notifica por correo en una fecha distinta a su archivo en autos. *Martínez, Inc. v. Abijoe Realty Corp.*, ante, pág. 12. De esta forma, proveíamos un mecanismo mediante el cual cualquier alegación de falta de simultaneidad entre el archivo en autos y el envío por correo, pueda corroborarse de forma fehaciente el hecho en los expedientes oficiales del tribunal correspondiente.

■ Conscientes del potencial problema que podría significar la utilización de la fecha del matasellos para acreditar la jurisdicción, advertimos a los abogados sobre las consecuencias de utilizar sobres que provienen de un mismo tribunal para inducir a un error al foro apelativo. Indicamos que cualquier alteración o uso indebido de un sobre estaría sujeto no sólo a sanciones económicas, sino disciplinarias contra el abogado. *Martínez, Inc. v. Abijoe Realty Corp.*, ante, pág. 13 esc. 5. Es evidente que tal proceder es demostrativo de falta de honestidad, veracidad y respeto a los tribunales como a las partes en un litigio. Una conducta de esta naturaleza está claramente reñida con el mandato de Regla 9 de Procedimiento Civil, 32 L.P.R.A. Ap. III, sobre la importancia de la firma de un abogado en los documentos que presenta ante un tribunal y, además, con los Cánones 9 y 12 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.[13]

---

[13] El Canon 9 del Código de Ética Profesional dispone, en lo pertinente:

"El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto." 4 L.P.R.A. Ap. IX.

Por su parte, el Canon 12 dispone, en lo pertinente:

■ B. Un término de naturaleza jurisdiccional, como el de apelación, es de carácter fatal; como tal, su incumplimiento priva al foro apelativo de jurisdicción para atender el recurso instado. De ahí, la importancia de determinar con certeza cuándo comienza el término para acudir en alzada.

■ Es una norma reiterada de este Tribunal que la falta de jurisdicción sobre la materia no es susceptible de ser subsanada. *Vázquez v. A.R.Pe.*, 128 D.P.R. 513, 537 (1991); *López Rivera v. Autoridad de Fuentes Fluviales*, 89 D.P.R. 414, 419 (1963). Le corresponde a los tribunales ser celosos guardianes de su jurisdicción. Es deber ministerial de todo tribunal, cuestionada su jurisdicción, examinar y evaluar con rigurosidad el señalamiento, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. Es por ello que la falta de jurisdicción de un tribunal es un asunto que se puede levantar y resolver *motu proprio*; ciertamente, no se tiene discreción para asumir jurisdicción allí donde no la hay. Véanse: *Carattini v. Collazo Syst. Analysis, Inc.*, 158 D.P.R. 345 (2003); *Juliá et al. v. Epifanio Vidal, S.E.*, 153 D.P.R. 357 (2001); *Martínez v. Junta de Planificación*, 109 D.P.R. 839 (1980). Hecho ese análisis, y concluido que se carece de jurisdicción, procede la desestimación del caso. Véanse, además: Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII–A; Regla 32(B) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI–A.

Establecido el marco doctrinal, lo aplicaremos a los hechos del caso. Veamos.

---

"*Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas.* Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución." (Énfasis suplido.) 4 L.P.R.A. Ap. IX.

## III

Este caso ejemplifica cuán acertada fue nuestra preocupación del potencial problema que representaba la utilización de la fecha del matasello de correos en un sobre para acreditar la jurisdicción de un foro apelativo. Además, valida el mecanismo profiláctico adoptado para acreditar las instancias cuando la fecha del archivo en autos y del envío por correo de la notificación de una sentencia, resolución u orden, fueran disímiles.

Aquí, Ace presentó oportunamente una moción de desestimación ante el foro apelativo. En esta moción se plantearon serias interrogantes sobre la jurisdicción del Tribunal de Apelaciones. La documentación incluida en la moción no reflejaba meras "conjeturas o sospechas", sino todo lo contrario. Levantaba bandera de alerta sobre la grave posibilidad de que se hubiera manipulado el trámite procesal del caso para manufacturar una jurisdicción, donde no la había.

Se incluyó una copia de los sobres recibidos por los abogados de los codemandados en el caso de epígrafe, que reflejaban que ambos fueron enviados el mismo día —8 de diciembre de 2003— y que el franqueo totalizaba $1.06. La sentencia notificada era extensa, pues constaba de catorce páginas. Por otro lado, el sobre que se anejó al recurso de apelación presentado por la representación legal de los demandantes, para acreditar la jurisdicción ante el foro apelativo intermedio, contenía solamente un sello de $0.49. Una cantidad significativamente menor que la utilizada para remitir por correo la misma sentencia a las otras dos partes en el caso. No es irrazonable concluir, como solicitó el peticionario, que el monto de cuarenta y nueve centavos resultaba insuficiente para costear el franqueo de un documento de catorce páginas de tipo legal.

Más grave aún, la información publicada en la página de Internet "teletribunales", indicaba que la fecha de la notificación había sido, en efecto, el 8 de diciembre de 2003. Toda esta información debió ser suficiente para que el tribunal apelativo *exigiera que se procurara a la Secretaría del Tribunal de Primera Instancia, Sala Superior de Mayagüez, una certificación de la fecha de archivo en autos y del envío por correo de la sentencia objeto de su revisión. Así también, que se cotejara el registro de notificación de sentencias y resoluciones enviadas por correo con fecha distinta al archivo de autos de una sentencia, para tener certeza respecto cuándo se notificó la sentencia apelada.* De esta forma se despejaba cualquier duda sobre su poder para atender en la apelación instada.

Si bien es cierto que en *Martínez, Inc. v. Abijoe Corp.*, ante, indicamos que los abogados debían incluir una certificación de la Secretaría del tribunal en situaciones como la de autos, el incumplimiento con ese requisito es insuficiente para descartar un planteamiento de falta de jurisdicción. Muy en particular cuando, como en el caso de autos, evaluada la totalidad de las circunstancias, la información remitida al foro apelativo a favor del argumento de falta de jurisdicción mostraba interrogantes sobre el trámite de la apelación interpuesta, que tenían que ser atendidas. Notamos también que el recurrido no rebatió el planteamiento de los peticionarios, mas sólo optó, principalmente, por indicar que eso era "algo inexplicable".

En este caso no nos cabe duda que Ace presentó argumentos válidos y específicos ante el Tribunal de Apelaciones, sustentados por documentos que, como poco, apuntaban a irregularidades en el trámite apelativo seguido en este caso. Ello, a su vez, requería de una acción más afirmativa del foro apelativo para cerciorarse de su jurisdicción, a través del camino trazado en *Martínez, Inc. v. Abi-*

*joe Corp.*, ante. Recordemos que los tribunales tenemos la obligación de velar por nuestra propia jurisdicción.

En su escrito ante este Tribunal, el peticionario incluyó copia de la certificación oficial del tribunal de instancia que, de forma fehaciente, corrobora que la sentencia dictada en el caso de epígrafe se archivó en autos y se notificó por correo, el 8 de diciembre de 2003. El licenciado López Montalvo nos solicita que hagamos caso omiso de ésta, ya que no formó parte del expediente del Tribunal de Apelaciones. No tiene razón.

■ Primero, la falta de jurisdicción es una defensa que no se renuncia y se puede presentar en apelación por una parte, aun cuando el argumento no se hubiera hecho antes. Es, además, como señalamos, un asunto que el tribunal a su vez puede plantear y resolver *motu proprio*. Segundo, se trata de un documento oficial emitido por la Rama Judicial, específicamente, la Secretaría del Tribunal de Primera Instancia, Sala Superior de Mayagüez, que evidencia, de forma fehaciente, la contención del peticionario de que el Tribunal de Apelaciones no tenía jurisdicción para atender la apelación presentada. Hacer caso omiso de este documento, que pone de manifiesto un trámite amañado para confeccionar artificialmente la jurisdicción del foro apelativo, sería faltarle a nuestra responsabilidad de velar por que los trámites ante los tribunales del país se lleven a cabo con entera pulcritud y transparencia. La sugerencia del licenciado López Montalvo lacera nuestro sentido de lo justo; es, a todas luces, una pretensión insostenible.

La conducta desplegada por el licenciado López Montalvo en el trámite apelativo seguido en este caso es altamente preocupante. Habida cuenta de las irregularidades en el proceso seguido en este caso ante el Tribunal de Apelaciones, se refiere el asunto al Procurador General para que presente la correspondiente querella.

A la luz de lo anterior, *se expide el auto solicitado y se dicta sentencia revocatoria de la del Tribunal de Apelaciones, por carecer dicho foro de jurisdicción para intervenir en el recurso apelativo interpuesto ante sí. Se refiere la conducta del Lcdo. Segismundo López Montalvo a la atención del Procurador General para la presentación de la querella correspondiente.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rivera Pérez no intervino.