ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| JOSÉ ANTONIO TORRES PÉREZ; DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS, NEGOCIADO DE NORMAS DE TRABAJO<br><br>RECURRIDO<br><br>V.<br><br>NEODECK HOLDING CORP.<br><br>RECURRENTE | KLRA202400111 | *REVISIÓN JUDICIAL* procedente del Departamento del Trabajo y Recursos Humanos; Negociado de Normas de Trabajo; Oficina Área de Ponce<br>_____<br>CASO NÚM.: A4-D1-DP-0097-22<br>_____<br>SOBRE: Despido Injustificado |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 13 de marzo de 2024.

Comparece NeoDeck Holding Corp. (Peticionario) mediante recurso de Revisión Administrativa y solicita que revoquemos la determinación emitida el 6 de febrero de 2024 por el Negociado de Normas del Trabajo (en adelante "Negociado") en la que se le ordena al recurrente pagar la cantidad de $8,640.00 al señor José Antonio Torres Pérez por alegado despido injustificado.

Por los fundamentos que exponemos a continuación, se desestima el recurso por falta de jurisdicción.

-I-

A continuación, exponemos los hechos pertinentes ante nuestra consideración.

El 7 de noviembre de 2023, el Negociado le remitió una misiva al recurrente NeoDeck Holdings Corp. en donde le informa sobre su deber de indemnizar al señor José Antonio

Torres Pérez por la cantidad de $8,640.00. Lo anterior como resultado de la alegada investigación llevada a cabo por la agencia. Así las cosas, y ante el silencio del recurrente, el Negociado cursó una segunda misiva el 6 de febrero de 2024 amparándose en la misma solicitud. Sin embargo, en esta ocasión, la agencia señaló que sería su última gestión administrativa antes de iniciar los trámites legales.

Inconforme con la determinación del Negociado, el 22 de febrero de 2024, NeoDeck Holding Corp. presentó ante nos un Recurso de Revisión Administrativa en el cual hace el siguiente señalamiento de error:

> **COMETIO [*sic*] GRAVE ERROR LA OFICINA DEL NEGOCIADO DE NORMAS DE TRABAJO DEL DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS AL DETERMINAR QUE EL PETICIONARIO ERA RESPONSABLE POR DESPIDO INJUSTIFICADO, HABIENDO EL MISMO DEPARTAMENTO DICTADO UN LAUDO DETERMINANDO QUE EL DESPIDO FUE JUSTIFICADO, ABUSANDO DE SU DISCRECION [*sic*] Y CONTRARIA A DERECHO.**

-II-

La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias.[1] Por lo tanto, si un tribunal carece de jurisdicción, sólo resta declararlo y desestimar la reclamación sin entrar en los méritos de la controversia.[2]

Conforme a dicho principio, "[…] *los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos concernientes a ella son privilegiados y deben atenderse de manera preferente.*"[3] Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado

---

[1] *Allied Mgmt. Grp., Inc. v. Oriental Bank*, 204 DRP 374, 385 (2004); *Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[2] *Mun. de San Sebastián v. QMC Telecon*, 190 DPR 652, 660 (2014).
[3] *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234; *Cordero et al. v. ARPe et al.*, 187 DPR 445, 457.

por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia.[4]

Una de las instancias en las que un foro adjudicativo carece de jurisdicción es cuando una agencia administrativa falla en la notificación adecuada de su determinación a alguna de las partes. Sobre este particular, la Ley Núm. 38 de 30 de junio de 2017, según enmendada, también conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*[5] (en adelante "LPAUG") dispone, con especificidad, lo que debe incluir dicha notificación.

> **Sección 3.14 – Órdenes o Resoluciones Finales**
> […] La orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos.[6]
>
> **Sección 3.16 – Terminación del Procedimiento**
>
> Si la agencia concluye o decide no iniciar o continuar un procedimiento adjudicativo en un caso en particular, terminará el procedimiento y notificará por escrito mediante correo ordinario o electrónico a las partes, y a sus abogados de tenerlos, su determinación, los fundamentos para la misma y el **recurso de revisión disponible, incluyendo las advertencias dispuestas en la Sección 3.14 de esta Ley.**[7]

Por su parte, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones[8], nos autoriza a desestimar a iniciativa propia un recurso por falta de jurisdicción.

---

[4] *Shell v. Srio. Hacienda,* 187 DPR 109, 123; *Yumac Home v. Empresas Massó,* 194 DPR 96, 103; *Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1, 22 (2011); *Souffront v. A.A.A.,* 164 DPR 663, 674 (2005).
[5] 3 LPRA § 9601 et seq.
[6] 3 LPRA § 9654.
[7] 3 LPRA § 9656. *Énfasis suplido.*
[8] 4 LPRA Ap. XXII-B.

-III-

Luego del correspondiente análisis de los documentos que obran en el expediente y a la luz del derecho aplicable, concluimos que procede la desestimación por falta de notificación adecuada. Veamos.

En el caso de autos el Negociado emitió una determinación en la que le imputa al recurrente el pago de la cantidad de $8,640.00 por el alegado despido injustificado del señor José Antonio Torres Pérez. Ahora bien, según expresamos, la LPAUG requiere que, al momento de emitir una Orden o Resolución, toda agencia administrativa cumpla con los requisitos allí establecidos, a fin de que la notificación sea adecuada.

De la notificación emitida por el Negociado no surge el derecho a solicitar reconsideración o a instar un recurso de revisión que tiene la parte contra la cual se emite la Orden. Además, tampoco señala las partes que deberán ser notificadas del recurso de revisión ni los términos correspondientes.

La notificación cursada por el Negociado a la parte recurrente no cumple con la LPAUG en la medida en que no incluye las advertencias requeridas por la legislación en lo que respecta a las Órdenes o Resoluciones finales que emite una agencia.

Ante un escenario como el de autos, en el que la notificación a la parte recurrente fue defectuosa, el Tribunal de Apelaciones carece de jurisdicción para atender el asunto. Por tal razón, este Tribunal está obligado a ordenar la desestimación, conforme a la facultad que nos concede la Regla 83(C)

-IV-

De conformidad con los fundamentos antes expuestos, se desestima el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

| | | |
|---|---|---|
| JOSÉ ANTONIO TORRES PÉREZ; DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS, NEGOCIADO DE NORMAS DE TRABAJO<br><br>Recurrido<br><br>V.<br><br>NEODECK HOLDING CORP.<br><br>Recurrente | KLRA202400111 | *REVISIÓN JUDICIAL* procedente del Departamento del Trabajo y Recursos Humanos; Negociado de Normas de Trabajo; Oficina Área de Ponce<br>_____<br>CASO NÚM.: A4-D1-DP-0097-22<br><br>_____<br><br>SOBRE: Despido Injustificado |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

## VOTO CONCURRENTE DEL JUEZ ERIC RONDA DEL TORO

En San Juan, Puerto Rico, a 13 de marzo de 2024.

La recurrente NeoDeck Holding Corp. presenta recurso de Revisión Administrativa y solicitó que revoquemos la determinación emitida el 6 de febrero de 2024 por el Negociado de Normas del Trabajo (en adelante "Negociado"), en la que se le ordenó a dicha recurrente pagar la cantidad de $8,640.00 al señor José Antonio Torres Pérez por alegado despido injustificado.

Inconforme con la determinación del Negociado, el 22 de febrero de 2024, NeoDeck Holding Corp. presentó ante nos este Recurso de Revisión Administrativa, en el cual indicó como parte de su señalamiento de error, que había decisiones con resultados inconsistentes entre distintas oficinas del Departamento del Trabajo y Recursos Humanos.

No tenemos duda que carecemos de jurisdicción para atender este planteamiento, pues no surge de la determinación contra la que se

recurre si es una final, al carecer de las advertencias requeridas por la Ley 38-2017, según enmendada, también conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*[9] (en adelante "LPAUG").  Por ello concurrimos con el resultado.

Al analizar los documentos que obran en el expediente y conforme el derecho aplicable, estamos de acuerdo que procede la desestimación por falta de jurisdicción y ello nos requiere concurrir con el resultado, pero ante los hechos particulares del caso, hacemos este voto concurrente.

Los hechos particulares del caso reflejan que el 31 de julio de 2023 se dictó, luego de una vista en sus méritos, una Resolución por un árbitro de la División de Apelaciones de la Secretaría Auxiliar de Asuntos Legales y Normas, que resuelve que procede revocar una decisión del Negociado de Seguridad de Empleo del 20 de abril de 2023.  En dicha Resolución se determina que el Sr. José A. Torres Pérez, aquí recurrido, es inelegible para recibir los beneficios de compensación de seguro por desempleo a tenor con la Sección 4 (b) (3) de la Ley de Seguridad de Empleo de Puerto Rico.

En dicha Resolución se advierte que el término para apelar la misma es de quince (15) días calendario, a partir de la notificación de dicha Resolución y que se debe presentar la Apelación en la Oficina de Apelaciones del Secretario a la dirección que allí se indica.  No sabemos si se presentó apelación contra dicha Resolución.

Luego, el Negociado de Normas de Trabajo, Oficina Área de Ponce, realiza lo que llama investigación y aparentemente sin vista donde el patrono pudiera expresarse y posterior a la fecha que culminó con la Resolución que hemos hecho referencia en el párrafo anterior, decreta que hubo un despido injustificado en ese caso y ordena el pago de una cuantía mediante una carta que envía al representante del patrono.  En

---

[9] 3 LPRA § 9601 et seq.

dicha carta no se menciona ningún paso que permita algún trámite administrativo y solo expresa que la misma es un trámite extrajudicial, imaginamos que para interrumpir prescripción sobre un posible posterior reclamo de mesada ante el Tribunal.

Este caso refleja trámites bajo una disposición de ley, que se realiza su resultado luego de una vista administrativa y meses después, en el mismo Departamento del Trabajo y Recursos Humanos se realiza otro trámite bajo otra ley, con un resultado distinto, sin tomar en cuenta el trámite anterior en el que si se realizó una vista luego de recibir prueba. Ignorar el trámite que tuvo vista administrativa al comenzar proceso posterior sin celebrar una vista o recibir prueba del patrono, debe ser al menos evaluado con detenimiento y por ello emitimos este voto.

Eric R. Ronda Del Toro
Juez de Apelaciones