Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>VÍCTOR M. PRIETO BENÍTEZ<br><br>Peticionario | KLCE202400513 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.<br>D VI1993G0140<br><br>Sobre:<br>ASESINATO |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de mayo de 2024.

**I**

El señor Víctor M. Prieto Benítez, confinado bajo la custodia del Departamento de Corrección y Rehabilitación presentó un escrito de dos páginas ante este tribunal. En su escrito, Prieto Benítez alega que lleva 31 años sumariado cumpliendo una condena por el delito de asesinato. Arguye que se ha beneficiado de múltiples cursos ofrecidos por el Departamento, en ocasiones, algunos mandatorios y otros que, él ha tomado guiado por su interés en superarse. Así comparte que completó el cuarto año escolar, ha tomado cursos de barbería, hojalatería y pintura, repostería, sastrería y terapias de control de impulsos y drogas y alcohol, entre otros. Particularmente menciona y citamos:

> "Deseo hacer s[ú]plica a este honorable tribunal, que este confinamiento me ha puesto en perspectiva que estoy m[á]s que arrepentido, porque mi castigo [h]a afectado a todos mis seres queridos, pero ha servido de una gran enseñanza y de una auto inspección personal como hombre que aparte de haber sido esto un gran castigo, me ha servido de una gran hazaña para ser mejor persona y no sin antes mencionar que el arquitecto de la vida está obrando en mí, todos los días de mi vida."

Por último, nos pide que conforme lo antes consignado, reconsideremos su sentencia.

**II**

El Tribunal de Apelaciones cumplirá el propósito de proveer a los ciudadanos de un foro apelativo que revisará como cuestión de derecho las sentencias finales del Tribunal de Primera Instancia. 4 LPRA § 24u.

Las sentencias finales dictadas en casos criminales originados en el Tribunal de Primera Instancia podrán ser apeladas por el acusado presentando un escrito de apelación en la secretaría de la sala del Tribunal de Primera Instancia que dictó la sentencia o en la secretaría del Tribunal de Circuito de Apelaciones, dentro de los treinta (30) días siguientes a la fecha en que la sentencia fue dictada. 34 LPRA Ap. II, R. 193 y 194. En los casos de convicción por alegación de culpabilidad, solo se podrá cuestionar la sentencia mediante un recurso de certiorari, en cuyo caso el auto será expedido por el Tribunal de Circuito de Apelaciones a su discreción. El mismo deberá presentarse dentro de los treinta (30) días siguientes a la fecha en que la sentencia fue dictada. Dicho término es jurisdiccional. 34 LPRA Ap. II. R. 193. Similar disposición contiene el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 23.

Por otro lado, la jurisdicción es la autoridad, es decir, el poder de un tribunal para atender un asunto. I. Rivera García, *Diccionario de términos jurídicos*, Orford, Equity Publishing Co., 1976, pág. 144. Las cuestiones jurisdiccionales son de índole privilegiada, por lo que deben resolverse con preferencia. *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018). La falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia y no es susceptible de ser subsanada. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007); *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005).

Los tribunales deben ser guardianes celosos de su jurisdicción. Como tal, tienen la responsabilidad indelegable de examinar en primera instancia su jurisdicción y la del foro de donde procede el recurso ante su consideración. La obligación de evaluar su jurisdicción es un deber ministerial que los tribunales tienen que atender, aunque no haya sido

planteado por las partes. Los asuntos relacionados a la jurisdicción son privilegiados y deben atenderse de manera preferente. *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018).

Una de las instancias en las que un foro adjudicativo carece de jurisdicción ocurre cuando se presenta un recurso prematuro o tardío porque sufre del grave e insubsanable defecto de privar de jurisdicción al tribunal. *Íd.* "Una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por lo tanto, inexistente." *S.L.G. Szendrey-Ramos v. F. Castillo*, supra.

**III**

Conforme la normativa aplicable, a los términos para presentar un recurso cuestionando la sentencia de un proceso penal, antes citados, resolvemos que no tenemos jurisdicción para reconsiderar la sentencia que cumple el señor Prieto Benítez. Desconocemos la fecha exacta en que la misma fue dictada, pero por los dichos, Prieto Benítez fue sentenciado hace más de 30 años. Es decir, hace más de 30 años que Prieto Benítez fue notificado de la sentencia y se activó el término para recurrir ante este tribunal.

Si bien, los argumentos que presenta son loables, pues son signos de arrepentimiento, introspección y crecimiento personal y espiritual, no son suficientes para concedernos jurisdicción y permitirnos revisar una sentencia válidamente impuesta en derecho y que hoy en día es final y firme.

**IV**

Por los fundamentos expresados, se desestima el recurso por falta de jurisdicción ante su presentación tardía.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones