ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| SECRETARIO DEL TRABAJO Y RECURSOS HUMANOS DE PUERTO RICO, en representación y para beneficio de GLORIA ESTHER CEDEÑO<br><br>PETICIONARIO<br><br><br>V.<br><br><br>GENESIS SECURITY SERVICES, INC. Y/O MAPFRE PRAICO INSURANCE Y/O UNITED SURETY & INDEMNITY COMPANY<br><br>RECURRIDA | KLRA202400197 | *REVISIÓN JUDICIAL* procedente del Departamento del Trabajo y Recursos Humanos; Oficina de Mediación y Adjudicación<br>_____<br>Caso Número: AC-23-139<br><br>_____<br>SOBRE: Vacaciones (Ley Número 180 |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlo, G., Juez Ponente.

# S E N T E N C I A

En San Juan, Puerto Rico, a 16 de abril de 2024.

Comparece el Secretario del Trabajo y Recursos Humanos de Puerto Rico en representación de Gloria Esther Cedeño (en adelante "Sra. Cedeño") mediante una *Petición de Certiorari y/o Revisión Judicial Administrativa y Solicitud de Orden en Auxilio de Jurisdicción* en la que solicita que revisemos una *Resolución Interlocutoria*[1] emitida por la Oficina de Mediación y Adjudicación (en adelante "OMA"). Mediante el referido dictamen, la OMA declaró *No Ha Lugar* la *Moción Enmendada Solicitando Sentencia Sumaria*[2] presentada por la Sra. Cedeño el 15 de marzo de 2024.

Luego del correspondiente análisis, el Tribunal desestima el recurso por falta de jurisdicción. Veamos.

---

[1] Véase págs. 63-65 del Apéndice.
[2] Véase págs. 45-58 del Apéndice.

La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias.[3] Por lo tanto, si un tribunal carece de jurisdicción, sólo resta declararlo y desestimar la reclamación sin entrar en los méritos de la controversia.[4]

Conforme a dicho principio, "[…] *los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos concernientes a ella son privilegiados y deben atenderse de manera preferente*."[5] Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia.[6]

El Reglamento del Tribunal de Apelaciones[7] (en adelante "Reglamento") atiende, entre otros asuntos, lo referente a la revisión de decisiones administrativas. Sobre este particular, la Regla 56 dispone lo siguiente:

> Esta parte gobernará el trámite de las revisiones de todos los recursos instados ante el Tribunal de Apelaciones para la revisión de las decisiones, los reglamentos, las órdenes, las resoluciones y las providencias **finales** dictadas por organismos o agencias administrativas o por sus funcionarios o funcionarias, ya sea en su función adjudicativa o cuasi legislativa, conforme lo dispuesto en ley.

A tenor con lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones[8], nos autoriza a desestimar a iniciativa propia un recurso por falta de jurisdicción.

---

[3] *Allied Mgmt. Grp.,* Inc. v. Oriental Bank, 204 DRP 374, 385 (2004); *Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[4] *Mun. de San Sebastián v. QMC Telecon*, 190 DPR 652, 660 (2014).
[5] *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014); *Horizon v. Jta. Revisora, RA Holdings,* 191 DPR 228, 234; *Cordero et al. v. ARPe et al.,* 187 DPR 445, 457.
[6] *Shell v. Srio. Hacienda,* 187 DPR 109, 123; *Yumac Home v. Empresas Massó,* 194 DPR 96, 103; *Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1, 22 (2011); *Souffront v. A.A.A.,* 164 DPR 663, 674 (2005).
[7] 4 LPRA Ap. XXII-B.
[8] 4 LPRA Ap. XXII-B.

El asunto que nos plantea el Peticionario, a saber, la determinación de una solicitud de sentencia sumaria, es uno interlocutorio. Por lo tanto, este Tribunal carece de jurisdicción para entrar en sus méritos.

Aunque en términos de debido proceso, sería beneficioso poder atender este tipo de asuntos interlocutorios de carácter dispositivo, con miras a evitarle a la ciudadanía y a la administración pública el incurrir en un gasto innecesario de litigio, la Ley vigente es clara y no está sujeta a otra interpretación.

Por todo lo cual, conforme a la Regla 83 (c) del Reglamento del Tribunal de Apelaciones se declara ***No Ha Lugar*** la *Petición de Certiorari y/o Revisión Judicial Administrativa y Solicitud de Orden en Auxilio de Jurisdicción* y se desestima el recurso por falta de jurisdicción.

**Notifíquese inmediatamente**

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones