ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>RECURRIDO<br><br>V.<br><br>ANEUDY RIVERA SILVA<br><br>PETICIONARIO | KLRA202400365 | *REVISIÓN JUDICIAL* procedente del Departamento de Corrección y Rehabilitación<br>_____<br>Número de querella: 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<br>_____<br>SOBRE:<br>Querella Disciplinaria |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 31 de julio de 2024.

Comparece Aneudy Rivera Silva (en adelante "Peticionario" o "Sr. Rivera") mediante recurso de Apelación y solicita que revoquemos la Resolución emitida el 1ro de marzo de 2024 por el Departamento de Corrección y Rehabilitación (en adelante "Departamento") en la que el Peticionario fue suspendido de ciertos privilegios por haber incurrido en violaciones a las normas de la Institución carcelaria.

Por los fundamentos que exponemos a continuación, se **desestima** el recurso por falta de jurisdicción.

-I-

A continuación, exponemos los hechos pertinentes ante nuestra consideración.

Según surge de los autos del caso, el 22 de enero de 2024 el oficial Christian Vázquez Rodríguez se percató que en la lámpara de la celda que ocupaba el Peticionario se encontraban unos tornillos sueltos, por lo que procedió a

verificar la lámpara con mayor detenimiento. En ese momento se percató de la presencia de unos tornillos *"preparados en forma de fabricación casera (fisgas)"*[1]. Así las cosas, se procedió a la radicación de la querella imputándole al Peticionario haber incurrido en las siguientes violaciones: 1). Contrabando peligroso y 2). Posesión, fabricación o introducción de armas de fuego, armas blancas, materiales explosivos, sustancias químicas y municiones.[2]

A tenor con el *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional*[3] (en adelante "Reglamento"), el 23 de febrero de 2024 se llevó a cabo una Vista Disciplinaria. Luego del correspondiente análisis, el Oficial Examinador concluyó *"que existe evidencia preponderante que sostiene que el querellado cometió el acto prohibido imputado bajo el código 106, 107 y reincidencia (Regla 21) del Reglamento Disciplinario."*[4]

Inconforme con dicha determinación, el 3 de julio de 2024 el Peticionario presentó un recurso de apelación ante esta Curia, solicitando que revoquemos la Resolución emitida a fin de que sea removida de su expediente.

-II-

**A.    Jurisdicción**

La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias.[5] Por lo tanto, si un tribunal carece de jurisdicción, sólo resta declararlo y desestimar la reclamación sin entrar en los méritos de la controversia.[6]

---

[1] Véase Resolución, pág. 2.
[2] Véase Regla 15 del *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional,* pág. 28.
[3] Reglamento Núm. 9221 de 8 de octubre de 2020.
[4] Véase Resolución, pág. 3.
[5] *Allied Mgmt. Grp.,* Inc. v. Oriental Bank, 204 DRP 374, 385 (2004); *Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[6] *Mun. de San Sebastián v. QMC Telecon*, 190 DPR 652, 660 (2014).

Conforme a dicho principio, "[…] *los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos concernientes a ella son privilegiados y deben atenderse de manera preferente.*"[7] Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia.[8]

Por su parte, la Regla 83 del Reglamento del Tribunal de Apelaciones[9], nos autoriza a desestimar a iniciativa propia un recurso por falta de jurisdicción. En lo aquí pertinente, la regla dispone lo siguiente:

> **(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:**
>
> > **(1) que el Tribunal de Apelaciones carece de jurisdicción.**
> > **(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.**
> > **(3) que no se ha presentado o proseguido con diligencia o de buena fe;**
> > **(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;**
> > **(5) que el recurso se ha convertido en académico.**
>
> **(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.[10]**

---

[7] *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014); *Horizon v. Jta. Revisora, RA Holdings,* 191 DPR 228, 234; *Cordero et al. v. ARPe et al.,* 187 DPR 445, 457.
[8] *Shell v. Srio. Hacienda,* 187 DPR 109, 123; *Yumac Home v. Empresas Massó,* 194 DPR 96, 103; *Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1, 22 (2011); *Souffront v. A.A.A.,* 164 DPR 663, 674 (2005).
[9] 4 LPRA Ap. XXII-B.
[10] 4 LPRA Ap. XXII-B, R. 83 (B) y (C).

**B.   Reglamento   para   Establecer   el   Procedimiento Disciplinario de la Población Correccional**

La Regla 36 señala los términos que tienen los miembros de la población correccional para presentar un recurso de reconsideración de las decisiones emitidas por el oficial examinador. En lo pertinente al caso de epígrafe, la Regla dispone lo siguiente:

> **Una parte adversamente afectada por la resolución final de la agencia y que haya agotado todos los remedios provistos por el DCR podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de <u>treinta (30) días</u> contados a partir de la fecha de la notificación de la resolución final […][11]**

-III-

Luego del correspondiente análisis de los documentos que obran en el expediente y a la luz del derecho aplicable, concluimos que procede la desestimación del recurso por falta de jurisdicción, particularmente, por haberse presentado de forma tardía. Veamos.

En el caso de autos, el Departamento emitió una Resolución el 1ro de marzo de 2024 en la que determinó que el Peticionario infringió ciertas normas del Reglamento. Según dispone dicho cuerpo normativo, la parte adversamente afectada tiene un término de <u>treinta (30) días</u> para acudir en revisión ante esta Curia. Por lo tanto, el Peticionario tenía hasta el 1ro de abril de 2024[12] y no fue hasta el 3 de julio de 2024 que presentó el recurso de revisión. Por todo lo cual, en la medida en que el Sr. Rivera presentó el recurso de apelación fuera del término provisto por el Reglamento, este Tribunal carece de jurisdicción para atender el asunto.

---

[11] Véase *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional,* Núm. 9221, 8 de octubre de 2020, pág. 84. Énfasis suplido.
[12] Los treinta días se cumplieron el 31 de marzo de 2024, sin embargo, a tenor con la regla 68.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.1, el término se extiende hasta el 1ro de abril de 2024.

-IV-

De conformidad con los fundamentos antes expuestos, se **desestima** el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones