Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>ROBERTO QUIÑONES LÓPEZ<br><br>Peticionario | KLCE202400975 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>D VI2008G0087<br>D LA2008G0876<br>D LA2008G0877<br><br>Por:<br>Infr. Art. 106 CP (II Grado)<br>Infr. Art. 5.04 LA<br>Infr. Art. 5.15 LA |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de septiembre de 2024.

El 9 de septiembre de 2024, el señor Roberto Quiñones López (en adelante, peticionario o señor Quiñones López), presentó por derecho propio ante este Tribunal de Apelaciones, un recurso de *Certiorari*, intitulado *Moci[ó]n Solicitando Revisi[ó]n Judicial*. Por medio de este, nos solicita la revisión de la *Resolución* emitida el 8 de agosto de 2024, notificada el 15 de agosto de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En virtud del referido dictamen, el tribunal *a quo* resolvió que, el señor Quiñones López debía agotar los remedios administrativos disponibles.

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción.

### I

Según se desprende del expediente, el 23 de julio de 2024, el señor Quiñones López presentó un escrito intitulado *Al Amparo de*

Número Identificador

RES2024 _____

*la Ley 85 de 2022 y el Artículo 71 de la Ley 146-2012.*[1] Por medio de esta, el peticionario solicitó, en esencia, que se ordenara el cumplimiento concurrente de las penas por las cuales fue sentenciado.[2] Lo anterior, al amparo del Art. 71 del Código Penal de Puerto Rico, 33 LPRA § 5104[3], y la Ley Núm. 85 de 11 de octubre de 2022, la cual enmendó el Art. 308 del Código Penal de Puerto Rico, 33 LPRA § 5416.[4]

---

[1] Anejo 1 del apéndice del recurso de *certiorari*, págs. 1-7.

[2] Precisamos que, no obra en el expediente copia de la sentencia condenatoria, por lo que desconocemos cuales fueron los delitos por los que el señor Quiñones López fue sentenciado, así como la totalidad de la pena impuesta.

[3] El referido artículo dispone lo siguiente:

  (a) Concurso ideal y medial de delitos: Cuando sean aplicables a un hecho dos o más disposiciones penales, cada una de las cuales valore aspectos diferentes del hecho, o cuando uno de éstos es medio necesario para realizar el otro, se condenará por todos los delitos concurrentes, pero sólo se impondrá la pena del delito más grave.

  (b) Concurso real de delitos: Cuando alguien haya realizado varios delitos que sean juzgados simultáneamente, cada uno de los cuales conlleva su propia pena, se le sentenciará a una pena agregada, que se determinará como sigue:

    (1) Cuando uno de los delitos conlleve pena de reclusión de noventa y nueve (99) años, ésta absorberá las demás.

    (2) Cuando más de uno de los delitos conlleve reclusión por noventa y nueve (99) años, se impondrá además una pena agregada del veinte (20) por ciento por cada víctima.

    (3) En los demás casos, se impondrá una pena para cada delito y se sumarán, no pudiendo exceder la pena agregada del veinte (20) por ciento de la pena para el delito más grave.

[4] Tras su enmienda, el artículo 308 del Código Penal de Puerto Rico establece lo siguiente:

Toda persona convicta bajo las disposiciones de este Código podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir el setenta y cinco por ciento (75%) del término de reclusión impuesto. Este cómputo nunca excederá de quince (15) años cuando se trate de un adulto o de cinco (5) años cuando se trate de un menor sentenciado y procesado como adulto en delitos para los cuales al realizarse el cómputo jurisdiccional para cualificar ante la consideración de la Junta de Libertad Bajo Palabra este sea mayor a lo requerido para delitos con pena fija señalada en el tipo de cincuenta (50) años.

En delitos graves cuyo término de reclusión señalada en el tipo sea de cincuenta (50) años, la persona podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir quince (15) años de su sentencia o cinco (5) años si se trata de un menor de edad procesado y sentenciado como adulto.

En caso de la persona convicta de asesinato en primer grado, un delito cuya pena sea de noventa y nueve (99) años o reincidencia habitual la persona podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra, al cumplir veinticinco (25) años de su sentencia, o diez (10) años, si se trata de un menor de edad procesado y sentenciado como adulto. Las personas convictas al amparo del inciso (c) del Artículo 93 estarán excluidas del privilegio de libertad bajo palabra.

En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva, la persona convicta tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial.

Tras evaluar su escrito, el 8 de agosto de 2024, notificada el 15 de agosto de 2024, el foro de instancia emitió la *Resolución* recurrida. En detalle, el Tribunal de Primera Instancia concluyó, confusamente, que le correspondía a la Administración de Corrección y Rehabilitación determinar si el peticionario cualificaba para ser referido ante la Junta de Libertad Bajo Palabra. A tenor, razonó que, el señor Quiñones López venía obligado a agotar los remedios administrativos ante la agencia.

Insatisfecho con la determinación, el 23 de julio de 2024, el peticionario suscribió el recurso de epígrafe, presentado ante este foro revisor el 9 de septiembre de 2024, en el que esgrime los siguientes señalamientos de error:

1. Erró el Honorable Tribunal de Primera Instancia en su Resolución al no entrar en los méritos en derecho de la moción presentada ante su consideración.

2. Erró el Honorable Tribunal de Primera Instancia al no tomar en cuenta los planteamientos en derecho del Departamento de Justicia y la Sociedad para la Asistencia Legal en los cuales ha establecido en su análisis que la Ley 85-2022 derrota el propósito de la sanción de consecutividad *sic* de las penas, por lo que no avalaba el lenguaje del proyecto entendiendo que esta Ley dejaría sin efecto las consecuencias de la imposición de sentencias consecutivas. Añadió que aplicar la ley de forma retroactiva iría en perjuicio de la Cláusula de Reserva del Código Penal.

3. Erró el Honorable Tribunal de Primera Instancia al concluir, luego de citar textualmente las Secciones 1, 2 y 3 de la Ley 85-2022, erradamente que el Peticionario debió agotar remedios administrativos para un asunto estrictamente de derecho para el cual dicha División del Departamento de Corrección y Rehabilitación no tiene facultad de adjudicar, y citamos:

   Examinada la Ley 85 del 2022, entendemos que primeramente le corresponde a la Administración de Corrección y Rehabilitación, llevar a cabo los cómputos de las sentencias impuestas al peticionario, para determinar si cualifica para ser referido ante la Junta de Libertad Bajo Palabra. El tribunal no tiene inherencia alguna en el proceso administrativo que ambas agencias deben completar. El Tribunal solo intervendrá si éstas no cumplen con los deberes ministeriales que la Ley les impone. Se recomienda que solicite la Hoja de Control sobre Liquidación de Sentencias y agote los

remedios administrativos ante las agencias llamadas a dar cumplimiento al mandato de Ley.

Por considerarlo innecesario, prescindimos de la comparecencia de la parte recurrida[5], por lo que, procedemos a resolver.

**II**

### A. *Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Miranda Corrada v. DDEC et al.*, 211 DPR 738, 745 (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles*, supra, pág. 500. La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020); *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. AAA*, 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*;

---

[5] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

*Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Suffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[6], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### III

En el presente caso, en esencia, nos corresponde determinar si, el foro de instancia incidió al no modificar la sentencia condenatoria del señor Quiñones López, a los fines de que la pena que le fue impuesta fuese extinguida concurrentemente, y no de manera consecutiva.

Analizado el expediente ante nuestra consideración, razonamos que carecemos de jurisdicción para atender el mismo. Veamos.

Según reseñado en los párrafos que anteceden, el señor Quiñones López presentó un escrito ante el tribunal primario, solicitando que se ordenara el cumplimiento concurrente de las penas que le fueron impuestas. Para fundamentar su solicitud, el peticionario recurrió al Art. 71 del Código Penal de Puerto Rico, *supra*, y a la Exposición de Motivos de la Ley Núm. 86-2022, *supra*, la cual enmendó el Art. el Art. 308 del Código Penal de Puerto Rico, *supra*.

En lo que razonamos, obedeció a una confusión del Tribunal de Primera Instancia, este concluyó que, el señor Quiñones López debía agotar los remedios ante el Departamento de Rehabilitación y Corrección, en tanto era la agencia la encargada de determinar si el

---

[6] 4 LPRA Ap. XXII-B, R. 83.

peticionario cumplía con los requisitos para ser referido a la Junta de Libertad Bajo Palabra.

Ciertamente, tal determinación del foro de instancia supone sin más que, la solicitud del peticionario no fue atendida. Es decir, el tribunal *a quo* no abordó el asunto en torno a la modificación de la sentencia, para que la pena fuese cumplida concurrentemente.

Ahora bien, al examinar el recurso de epígrafe, a los fines de atender en sus méritos el petitorio del señor Quiñones López, es meritorio destacar que, este último omitió incluir los sellos de rentas internas con el recurso y no solicitó litigar como indigente. Además, observamos que este tampoco incluyó como anejo al recurso la sentencia condenatoria que solicita sea enmendada. Al así obrar, el señor Quiñones López no nos coloca en posición de evaluar propiamente su solicitud. Esto pues, desconocemos cuando la fecha en la que fue sentenciado, la pena que le fue impuesta e incluso, si, en efecto, el foro primario dispuso la manera en la que debía cumplirse la misma, entiéndase, consecutiva o concurrentemente. Tal omisión, además, no nos permite corroborar si su solicitud es oportuna.

En *Ramos Soto v. Dpto. de Corrección y Rehabilitación*, 211 DPR 434, 435 (2023) nuestro Honorable Tribunal Supremo al enfrentarse a una situación similar a la del caso que nos ocupa, denegó el recurso por incumplimiento con la Ley de Aranceles de Puerto Rico, Ley Núm. 17 de 11 de marzo de 1915, según enmendada, 32 LPRA 1476 *et seq.*, y los incisos (g)(3)(J), (g)(4)(B) y (C) de la Regla 20 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B. El señor Ramos Soto omitió incluir los sellos de rentas internas en el recurso y no solicitó litigar como indigente. Además, no certificó que notificó su presentación al Departamento de Corrección y Rehabilitación, ni al Tribunal de Apelaciones.

Asimismo, el recurso carecía de los volantes de notificación de la sentencia y resolución de la que se recurre.

El Juez Asociado señor Martínez Torres emitió un voto de conformidad en el que hizo constar la expresión siguiente:

> Cuando la insuficiencia arancelaria se debe a la parte o su abogado no se reconoce excepción alguna que permita su subsanación. *M-Care Compounding et al. v. Depto. Salud,* 186 DPR 159, 177 (2012). Tampoco es saludable impulsar que se eleven los autos originales en cada caso en que una parte omita presentar un apéndice como requiere el Reglamento del Tribunal, sin articular justa causa para que se le exima.

> De lo que se trata es de propiciar un acceso igual a la justicia. Para ello todas las partes deben ser medidas con la misma vara, porque la dama de la justicia no tiene preferencia. Frases como "acceso adecuado a la justicia" o "sistema de justicia sensible" defienden un acceso desigual a la justicia, donde esta se imparte de manera distinta dependiendo de la identidad de las partes. Nuestro ordenamiento, en cambio, propicia la igualdad y rechaza los privilegios en la litigación.

> Por eso voto conforme con la Resolución del Tribunal.

Habida cuenta de ello, nos vemos impedidos de ejercer nuestra función revisora. Consecuentemente, procedemos a desestimar el recurso de epígrafe, de conformidad con la Regla 83(C) del Reglamento de este Tribunal, *supra*, la cual le confiere facultad a este foro para, a iniciativa propia, desestimar un recurso de apelación o denegar un auto discrecional cuando carece de jurisdicción.

**IV**

Por los fundamentos expuestos, se desestima el recurso de epígrafe por falta de jurisdicción.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta *Resolución* al confinado, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.  La jueza Romero García disiente respetuosamente

de la determinación de la mayoría de este panel. La Regla 2(3) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, nos impone la obligación de atender en los méritos las controversias judiciales traídas ante nuestra consideración, y nos conmina a no desestimar un recurso por defectos de forma o de notificación que no afecten los derechos de las partes. Conforme a esa norma, la jueza Romero García habría concedido al peticionario un término perentorio para presentar copia de su sentencia condenatoria, así como la solicitud para litigar como indigente, debidamente cumplimentada.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones