ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| EDET PASTOR JIMÉNEZ **RECURRENTE** v. DEPARTAMENTO DE CORRECCIÓN **RECURRIDA** | KLRA202400411 | Revisión administrativa procedente de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación Caso Núm. QZA-04-24 Sobre: APLICACIÓN LEY 66-2022 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de octubre de 2024.

Comparece ante nos, el señor Edet Pastor Jiménez (en adelante, recurrente), mediante el presente recurso de revisión judicial, el cual intituló *Solicitud de Revisión Administrativa y en Auxilio de Jurisdicción.* En éste, nos solicita revocar la "*Respuesta de Reconsideración al Miembro de la Población Correccional*" emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, DCR o recurrida). Mediante el aludido dictamen, la DCR le informó al recurrente que aún está en proceso de remisión de su solicitud de certificación laboral.

Por los fundamentos que expondremos a continuación, *se desestima* el recurso por falta de jurisdicción, a tenor con la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**I.**

El recurrente presentó una *Solicitud de Remedios Administrativos* el 12 de febrero de 2024, ante la Evaluadora de

Número Identificador

SEN2024_____

Remedios Administrativos, la señora Maribel García Charriez, de la Oficina de Bayamón. En su escrito, adujo que aún no se le han podido adjudicar las bonificaciones adicionales a su sentencia conforme lo establece la Ley 66-2022, debido a que el Programa de Comunidad de Arecibo no ha enviado la certificación de las labores que realizó mientras participó del mismo. El recurrente sostuvo que solicitó dicha certificación hace más de un año, sin respuesta a su pedido, lo cual, a su entender, es un estimado de tiempo irrazonable.[1]

En *Respuesta al Miembro de la Población Correccional*, el 15 de febrero de 2024, la señora Maribel García Charriez, emitió un comunicado en el cual le informó al recurrente que, desde noviembre de 2023, se ha dado seguimiento a la solicitud de certificación de empleo y así lo continuarán haciendo.[2]

Insatisfecho, el 14 de marzo de 2024, el recurrente presentó una *Solicitud de Reconsideración*. En ella, solicitó que se ordenara a la Oficina del Programa de Comunidad de Arecibo a remitir la referida certificación.[3]

Posteriormente, el 13 de mayo de 2024, notificada el 3 de junio de 2024, la DCR emitió *Resolución*. Ahí, explicó que corroboró el estatus de la solicitud de certificación de empleo en el Área de Sociales del Centro de Detención de Bayamón 1072 y aseveró que "están trabajando con la situación para cumplir con la norma aplicable". Por otra parte, enfatizó que "solo será certificado lo que conste de estudio y/o trabajo en el expediente del Programa de Comunidad del Recurrente".[4]

---

[1] Véase, Anejo I, pág. 5.
[2] Véase, Anejo I, pág. 6.
[3] Véase, Anejo I, pág. 7.
[4] Véase, Anejo I, págs. 11-12.

En desacuerdo, el 29 de julio de 2024, el recurrente instó el presente recurso que hoy nos ocupa en el que invocó la comisión del siguiente señalamiento de error:

ERRÓ EL DCR AL VIOLENTAR EL DERECHO DEL SR. PASTOR AL NO CONCEDERLE LAS BONIFICACIONES POR TRABAJO REALIZADO DURANTE EL TIEMPO QUE ESTU[V]O EN LIBERTAD BAJO PALABRA (2011-2021) COMO LO ESTABLECE LA LEY 66-2022, ESTO A PESAR DE QUE TIENE TODA LA EVIDENCIA EN EL EXPEDIENTE ADMINISTRATIVO.

El 21 de agosto de 2024 emitimos *Resolución* concediéndole un término de 30 días a la parte recurrida para que presente su escrito en oposición.

En cumplimiento con lo ordenado, el 23 de septiembre de 2024, la DCR representado por la Oficina del Procurador General de Puerto Rico compareció ante nos mediante un *Escrito en Cumplimiento de Orden y Solicitud de Desestimación.* En éste, alegó que este tribunal carecía de jurisdicción para atender el *Recurso* por ser uno tardío. Por otra parte, señaló que el recurrente no pagó el arancel correspondiente al presentar el recurso de revisión judicial y tampoco gestionó la solicitud para litigar como indigente. Por lo cual, solicitó la desestimación del *Recurso.*

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**-A-**

La jurisdicción es el poder o autoridad que ostentan los tribunales para resolver los casos y controversias ante su consideración. *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022).

Al tratarse de un asunto que incide sobre el poder del tribunal para adjudicar una controversia, la falta de jurisdicción se puede levantar *motu proprio,* pues un tribunal no tiene discreción para asumir jurisdicción donde no la hay. *Souffront v. AAA,* 164 DPR 663,

674 (2005). Si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 395; *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Un recurso que se desestima por presentarse pasado el término provisto para recurrir, se conoce como un recurso tardío. Por su parte, un recurso que se ha presentado con relación a una determinación que está pendiente ante la consideración del tribunal apelado, o sea, que aún no ha sido finalmente resuelta, se conoce como un recurso prematuro. Sencillamente, el recurso se presentó en la secretaría antes de tiempo. Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015). Esto porque su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo, aún no ha nacido autoridad judicial o administrativa alguna para acogerlo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Por otro lado, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII–B, R. 83, dispone que:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción.
>
> ...
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

**-B-**

La Sección 3.15 de la Ley Núm. 30-2017, 3 LPRA sec. 9655, permite que la parte adversamente afectada por una resolución u orden administrativa pueda presentar una moción de reconsideración dentro de los veinte (20) días desde el archivo en autos de la notificación de la decisión. Una moción de reconsideración presentada oportunamente interrumpe el término jurisdiccional de treinta (30) días establecido en la Sección 4.2, 3 LPRA sec. 9672, para solicitar revisión judicial. *ACT v. PROSOL et als.,* 210 DPR 897, 909 (2022).

La Sección 3.15, *supra*, establece las pautas siguientes sobre la moción de reconsideración:

(1) La agencia deberá considerar la moción de reconsideración dentro de los 15 días de presentada.

(2) Si la agencia rechaza de plano la moción de reconsideración dentro de esos 15 días, el término para solicitar revisión comenzará a contarse nuevamente desde que se notifique dicha denegatoria.

(3) Si la agencia no actúa dentro de esos quince días se entiende que rechazó de plano la moción de reconsideración y el término para solicitar revisión comenzará a correr nuevamente desde que expiró ese plazo.

(4) Si la agencia toma alguna determinación sobre la reconsideración, el término para solicitar revisión empezará a contarse desde la fecha del archivo en autos de una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. La agencia tiene 90 días para resolver y archivar la decisión, contados a partir de la moción de reconsideración.

(5) La agencia pierde jurisdicción si acoge la moción de reconsideración, pero no toma acción al respecto dentro de los 90 días. No obstante, los 90 días podrán prorrogarse, si existe justa causa y la agencia emitió la prórroga dentro de dicho término.

(6) La prórroga concedida no puede exceder de 30 días.

Por su parte, la Regla XV del Reglamento para atender las solicitudes de remedios administrativos radicadas por los miembros de la población correccional, Reglamento Núm. 8583 del

Departamento de Corrección y Rehabilitación, aprobado el 4 de mayo de 2015 (Reglamento Núm. 8583) dispone, en lo pertinente, que:

1. El miembro de la población correccional podrá solicitar revisión ante el Tribunal de Apelaciones, dentro del término de treinta (30) días calendarios, contados a partir de la fecha del archivo en autos de la copia de la Notificación de la Resolución de Reconsideración, emitida por el Coordinador de Remedios Administrativos o noventa (90) días a partir de la radicación de la Solicitud de Reconsideración acogida, si la Agencia no actúa conforme a la misma. [...][5]

**-C-**

El Tribunal Supremo ha establecido que las partes tienen el deber de observar rigurosamente las disposiciones reglamentarias, de manera que puedan presentar y perfeccionar su recurso oportuna y adecuadamente. *M-Care Compounding et al. v. Depto. Salud*, 186 DPR 159, 176 (2012). De lo contrario, puede afectarse la jurisdicción del tribunal y acarrear la desestimación del recurso. Entre las condiciones dispuestas en nuestro ordenamiento para perfeccionar un recurso de apelación se encuentra el pago de los aranceles de presentación. Por lo tanto, como requisito de umbral para invocar la jurisdicción del foro apelativo, todo apelante debe pagar dichos aranceles y adherir los sellos a su recurso.

Sin embargo, el Tribunal Supremo ha sostenido que no todas las personas cuentan con los recursos económicos necesarios para sufragar el pago de aranceles que conlleva un litigio. Por lo tanto, en aras de fomentar el acceso a las personas indigentes a los tribunales, como excepción han dispuesto que los litigantes indigentes queden exentos del pago de aranceles. *Santana Báez v. Depto. Corrección,* 202 DPR 233, 239 (2019)(Resolución)[6].

---

[5] Reglamento Núm. 8583, *supra*, pág. 32.
[6] Voto de Conformidad emitida por el Juez Asociado Señor Estrella Martínez, al cual se unen la Jueza Asociada Señora Rodríguez Rodríguez y los Jueces Asociados Señores Rivera García y Colón Pérez.

En específico, el Código de Enjuiciamiento Civil, dispone que:

Cualquier persona de Puerto Rico que desee entablar una acción civil o recurso y no pudiere pagar los derechos establecidos por el Tribunal Supremo o los derechos de suspensión requeridos [...], podrá presentar al (a la) secretario (a) del Tribunal una declaración jurada exponiendo su imposibilidad de pagar dichos derechos, junto con una copia de la demanda que se propone deducir. El (la) Secretario(a) someterá dicha declaración jurada y la referida demanda o recurso al (a la) Juez(a) del tribunal, según sea el caso, y si dicho(a) Juez(a) juzgare suficiente en derecho la demanda y estimare probada la incapacidad para satisfacer los derechos requeridos [...], permitirá que se anote dicha demanda, por lo cual el demandante tendrá derecho a todos los servicios de todos(as) los(as) funcionarios (as) del tribunal y a todos los mandamientos y providencias del mismo, como si los derechos hubiesen sido satisfechos. [...] Mas, en todo caso, el (la) Juez(a) podrá requerir cualquier información adicional que creyere necesaria cuando una persona solicita que se le releve del pago de costas. Los recursos a nivel apelativo o discrecionales que se presenten en el Tribunal de Apelaciones o en el Tribunal Supremo disfrutarán de la referida exención de conformidad al trámite dispuesto. 32 LPRA sec. 1482.

*Santana Báez v. Depto. Corrección, supra,* págs. 239-240.

Para canalizar la referida solicitud, el Reglamento del Tribunal de Apelaciones establece un procedimiento para la litigación *in forma pauperis.* 4 LPRA Ap. XXII-B, R. 78. A esos efectos, la Regla 78, *supra,* establece que a quien le interese litigar como indigente deberá presentar una declaración jurada en la que exponga: (1) los hechos que demuestren su incapacidad para pagar los derechos y (2) su convencimiento de que tiene derecho a un remedio. Una vez el tribunal conceda la solicitud, "la parte podrá litigar sin el pago de los derechos y las costas". *Santana Báez v. Depto. Corrección, supra,* pág. 240.

Ante ello, el Tribunal Supremo ha expresado que "[l]os estatutos aprobados para permitir la litigación *in forma pauperis* cumplen el propósito de abrir las puertas de los tribunales a todos los ciudadanos, no empece la incapacidad económica de algunos para sufragar los costos asociados a un litigio". *Gran Vista I v. Gutiérrez y otros,* 170 DPR 174, 191 (2007). De igual forma y de

acuerdo con esa política pública, el Reglamento del Tribunal de Apelaciones tiene como propósito proveer un "acceso para atender los reclamos de la ciudadanía, que sea sensible a la realidad particular de los distintos componentes de nuestra sociedad, y que informe a la ciudadanía sobre sus derechos y responsabilidades [...]". 4 LPRA Ap. XXII-B, R. 2. Específicamente, en cuanto a las solicitudes de litigación *in forma pauperis,* dispone que el Reglamento está dirigido a "[f]acilitar la comparecencia efectiva de ciudadanos por derecho propio y en *forma pauperis*". *Id.*

### III.

Un detenido examen del expediente ante nuestra consideración demuestra que el recurso es tardío. El recurrente presentó oportunamente una *Solicitud de Reconsideración* el 14 de marzo de 2024. La DCR acogió dicha *Reconsideración* dentro de los quince (15) días de presentada, en específico, el 5 de abril de 2024.

Así las cosas, el 13 de mayo de 2024, notificada el 3 de junio de 2024, la DCR emitió una *Resolución* de la *Solicitud de Reconsideración.* Consecuentemente, comenzó a cursar el término jurisdiccional de treinta (30) días para solicitar revisión judicial ante este foro revisor. El recurrente presentó el recurso ante nos el 29 de julio de 2024.

El recurso es tardío porque se presentó luego de vencido el término de (30) días para solicitar revisión judicial ante este foro. En específico, el recurrente instó el recurso de revisión judicial quince (15) días, de vencido el término jurisdiccional, desde la fecha en que recibió copia de la *Respuesta al Miembro de la Población Correccional* que resolvió definitivamente la *Solicitud de Reconsideración.*

Como reseñamos, la presentación de un recurso tardío nos priva de jurisdicción para intervenir en el mismo. Por tal motivo, concluimos que carecemos de jurisdicción para entender en los méritos del recurso, por lo que solo resta desestimarlo.

Es importante destacar que, el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, no justifica que ellas incumplan con las reglas procesales. La omisión del recurrente en cumplir con los términos jurisdiccionales representa un impedimento real y meritorio para la adjudicación del caso en sus méritos.

Por último, un recurso presentado sin el pago de los aranceles correspondientes o la aprobación para litigar *in forma pauperis* también incide en la jurisdicción de este Tribunal para atender el asunto en sus méritos.

**IV.**

Por los fundamentos antes expuestos, *se desestima* el recurso por falta de jurisdicción.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones