Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JOEL HERNÁNDEZ SANTOS<br><br>**Recurrente**<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurridos | TA2025RA00083 | *Revisión de Decisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>PP-94-25<br><br>Sobre:<br><br>Dieta |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 16 de julio de 2025.

Comparece el señor Joel Hernández Santos (en adelante, señor Hernández Santos o parte recurrente) por derecho propio o *In Forma Pauperis*, mediante *Solicitud de Revisión Administrativa*, firmada por este el 24 de junio de 2024 y recibido ante este Tribunal de Apelaciones el 7 de julio de 2025[1]. Por medio de este, nos solicita que revisemos la *Hoja Devolución Documentos a los Miembros de la Población Correccional* emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, DCR o parte recurrida).

Por los fundamentos que se exponen a continuación, se desestima el recurso por falta de jurisdicción.

---

[1] Traído ante nuestra atención el 15 de julio de 2025.

**I**

Según se desprende del expediente, el 9 de abril de 2025, el señor Hernández Santos presentó *Solicitud de Remedio Administrativo*. En esencia, solicitó al DCR que supervisara las dietas alimenticias ya que, en varias ocasiones no le proveyeron ciertos complementos de la dieta que recibe.

Posteriormente, presentó *Solicitud de Reconsideración*. Explicó que, no había recibido la respuesta a su solicitud y que, la situación de alimentos había empeorado en la medida en la que no le estaban proveyendo los alimentos conforme a la orden médica de dieta.

El DCR emitió la *Hoja Devoluci[ó]n Documentos a los Miembros de la Poblaci[ó]n Correccional*. Por medio de esta, expresó que le devolvían su documento porque presentó una reconsideración a una solicitud que aún no tenía respuesta.

En desacuerdo, la parte recurrente presentó el recurso cuya revisión nos ocupa, donde esgrimió los siguientes señalamientos de error:

1. Erró el DCR por conducto de la compañía proveedora de alimentos al servir las Dietas Alimenticias incongruentes a la Orden Médica para estos efectos.

2. Erró el DCR por conducto de la División de Remedios Administrativos al no emitir respuesta sobre la Solicitud de Remedio Administrativo y Solicitud de Reconsideración Núm. PP-94-25 conforme al Reglamento #8583, "reglamento de Remedios Administrativos".

3. Erró el DCR por conducto [sic] al devolver la Solicitud de Reconsideración, alegando que la Solicitud de Remedio Administrativo no tiene respuesta sin existir concordancia en las fechas.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta.[2]

---

[2] En virtud de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, In re

## II

### A. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Freire Ruiz v. Morales Román*, 2024 TSPR 129, 214 DPR ___ (2024); *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685 (2024); *Miranda Corrada v. DDEC et al.*, 211 DPR 738, 745 (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020)[3]. Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *R&B Power. Inc. v. Junta de Subasta ASG*, supra, pág. 698; *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022)[4]. La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Souffront v. AAA*, 164 DPR 663, 674 (2005).

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019). Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Lo anterior, debido a que, una apelación o recurso prematuro, al igual que uno tardío adolece del grave e

---

Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 15, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf
[3] *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011)
[4] *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

insubsanable defecto de falta de jurisdicción. *Báez Figueroa v. Adm. Corrección*, supra, pág. 299; *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *Báez Figueroa v. Adm. Corrección*, supra, pág. 299.

Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Yumac Home v. Empresas Massó*, supra, pág. 107. En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración. *Íd*.

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, supra, pág. 107; *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Souffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones[5], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

---

[5] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 110, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso ante nuestra consideración.

La parte recurrente nos solicita que revisemos la *Hoja Devoluci[ó]n Documentos a los Miembros de la Poblaci[ó]n Correccional* emitida por el DCR. En virtud de la misma, el DCR explicó que, se le devolvía la reconsideración a la parte recurrente por motivo a que esta fue presentada respecto a una solicitud que aún no tenía respuesta.

De acuerdo al derecho reseñado, nuestro Máximo Foro ha establecido que, una de las instancias en las que un tribunal carece de jurisdicción para atender un recurso es cuando este ha sido presentado de forma prematura. Ello, debido a que, un recurso prematuro adolece del grave e insubsanable defecto de falta de jurisdicción.[6]

En vista de lo anterior, nos resulta forzoso concluir que, ante el hecho de que la agencia recurrida aún no ha resuelto la *Solicitud de Remedio Administrativo*, estamos ante un recurso prematuro. Consecuentemente, carecemos de jurisdicción para entender en el mismo. Su presentación carece de eficacia y como consecuencia, no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[7]

Por último, aclaramos que, los términos para recurrir ante este Foro Apelativo aún no han comenzado a transcurrir, por lo que, lo aquí resuelto no es óbice para que, la parte recurrente comparezca nuevamente ante este Tribunal dentro del término dispuesto por

---

[6] *Báez Figueroa v. Adm. Corrección*, supra, pág. 299; *Yumac Home v. Empresas Massó*, supra, pág. 107.
[7] *Báez Figueroa v. Adm. Corrección*, supra, pág. 299.

nuestro ordenamiento legal, una vez la agencia recurrida emita su respuesta a la solicitud de remedio.

**IV**

Por los fundamentos que anteceden, se *desestima* el recurso de epígrafe por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones